J. Robert Forshey
State Bar No. 07264200
Matthew G. Maben
State Bar No. 24037008
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
bforshey@forsheyprostok.com
mmaben@forsheyprostok.com

ATTORNEYS FOR LEGACY EQUITY FUND, INC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| PAWNSHOP MANAGEMENT COMPANY, ) | Case No. 11-41326-DML-11 |
| LLC, *et al.*, ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |

### LIMITED OBJECTION OF LEGACY EQUITY FUND, INC. TO DEBTORS' MOTION FOR PRELIMINARY AND CONTINUING AUTHORITY TO USE CASH COLLATERAL

TO THE HONORABLE D. MICHAEL LYNN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Legacy Equity Fund, Inc. ("Legacy Equity"), a secured creditor in the above-captioned bankruptcy case, and files this its Limited Objection to Debtors' Motion for Preliminary and Continuing Authority to Use Cash Collateral, and respectfully states as follows:

### I. BACKGROUND

1. Pawnshop Management Company, LLC ("PMC") and Pawnshop Operating Company, LLC ("POC" and, together with PMC, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on March 1, 2011 (the "Petition Date"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtors' business involves the management and operation of five retail and service locations located in Florida doing business as "Southern Pawn."

2. Pursuant to an *Amended Order Granting Motion for Joint Administration* [Docket

No. 36] entered on March 10, 2011, the Debtors' chapter 11 cases are being jointly administered, for procedural purposes only, under Case No. 11-41326-DML-11.

3. The United States Trustee has not yet appointed an official committee of unsecured creditors in this case. No trustee or examiner has been requested or appointed in this case.

4. Prior to the Petition Date, Legacy Equity loaned in excess of $1 million to POC.[1] Such loan transaction is evidenced by various documents (the "Loan Documents") between Legacy Equity and POC entered into prior to the Petition Date. To secure repayment of the loan made by Legacy Equity, POC granted a security interest in and lien on personal property of POC. As reflected in UCC Financing Statements filed by Legacy Equity with the Texas Secretary of State and Florida Secured Transaction Registry on March 4, 2010 and March 5, 2010, respectively, copies of which are attached hereto as **Exhibit "A"**, Legacy Equity possesses a security interest in and perfected lien on personal property of POC associated with the Debtors' Southern Pawn stores located at 29661 US Hwy 19 N, Clearwater, FL 33761 and 7561 49th St., Pinellas Park, FL 33781 (the "Legacy Equity Collateral Locations"). The property at such locations on which Legacy Equity possesses a perfected lien includes, but is not limited to, goods, equipment, furnishings, fixtures, accounts, notes, receivables, accounts receivable, inventory, documents, chattel paper, contract rights, general intangibles and other articles of personal property of whatever nature (collectively, the "Legacy Equity Collateral"), and all products and proceeds of the Legacy Equity Collateral.

5. On March 2, 2011, the Debtors filed their *Motion for Preliminary and Continuing*

---

[1] The Schedules filed by POC state that Legacy Equity is the holder of an undisputed, non-contingent and liquidated secured claim against POC in the amount of $1.5 million, with such claim secured by FF&E, accounts and inventory having a value of $800,000. See Docket No. 35 in Case No. 11-41327-RFN-11. Legacy Equity is in the process of determining the amount of the indebtedness owed by POC and/or PMC as of the Petition Date and the full extent of the liens on property of the Debtors possessed by Legacy Equity. Legacy Equity will file an appropriate proof of claim setting forth the full amount due as of the Petition Date, and reserves all rights to assert claims exceeding any amount stated in this Limited Objection, and to assert all security interests in and liens on any property of either of the Debtors which Legacy Equity may possess, whether or not such security interests and/or liens are alleged herein.

*Authority to Use Cash Collateral* (the "Cash Collateral Motion") [Docket No. 17]. In the Cash Collateral Motion, the Debtors request continuing authority to use cash collateral, including any cash collateral of Legacy Equity, in accordance with a proposed budget to maintain the Debtors' business operations. The Debtors acknowledge in the Cash Collateral Motion that Legacy Equity asserts a lien against certain assets of the Debtors, but only with respect to one of the two Legacy Equity Collateral Locations. The Cash Collateral Motion proposes that secured creditors receive adequate protection for their interests by virtue of, *inter alia*, replacement liens being granted on all post-petition property of the Debtors' estates, with such replacement liens attaching in the same order of priority as the liens they replace, as determined by applicable law.

6. The Court conducted a preliminary hearing on the Cash Collateral Motion on March 8, 2011. The Court granted interim relief on the Cash Collateral Motion pursuant to an *Order Authorizing Preliminary Use of Cash Collateral* (the "Interim Order") [Docket No. 29] entered on March 8, 2011. The Interim Order permits the Debtors to use cash collateral through March 22, 2011, but does not contain any provision granting any form of a replacement lien in favor of Legacy Equity.

## II. LIMITED OBJECTION

7. Legacy Equity does not oppose the Debtors' continued use of cash collateral, in accordance with the terms of the Debtors' proposed cash collateral budget, so long as appropriate protections are granted to Legacy Equity in a final order on the Cash Collateral Motion. Legacy Equity does not consent to the Debtors' use of cash collateral absent adequate protection of Legacy Equity's interest in the Legacy Equity Collateral being provided. Pursuant to section 363(e) of the Bankruptcy Code, Legacy Equity is entitled to adequate protection of its interest in the Legacy Equity Collateral before the Debtors may be authorized to continue using cash collateral. Absent appropriate adequate protection being granted, Legacy Equity's interest in the Legacy Equity Collateral will be rapidly eroded as the Debtors dispose of the Legacy

Equity Collateral through continued business operations at the Legacy Equity Collateral Locations.

8. As adequate protection, Legacy Equity is entitled to a replacement lien to the extent of any diminution in the value of the Legacy Equity Collateral resulting from the Debtors' use of cash collateral. Specifically, Legacy Equity requests that any final order on the Cash Collateral Motion provide that Legacy Equity shall be granted a replacement security interest in, and lien, effective as of the Petition Date without the necessity of any further action on the part of Legacy Equity, upon the right, title, and interest in the following property of the Debtors, which have granted security interests pursuant to the Loan Documents:

    a. The pre-petition Legacy Equity Collateral;

    b. Property acquired by the Debtors post-petition which is of the same nature, kind and character as the pre-petition Legacy Equity Collateral, and all products and proceeds thereof; and

    c. All existing and after acquired property of the Debtors, whether real or personal, tangible or intangible.

Legacy Equity requests that such replacement liens attach to the applicable property with the same priority, validity, force and effect as the liens they replace and be deemed valid and perfected with such priority without any further notice or act being required that may otherwise be required under any law.

9. Legacy Equity is entitled to further adequate protection if the replacement liens granted in favor of Legacy Equity prove insufficient to adequately protect Legacy Equity's interest in the Legacy Equity Collateral. Therefore, Legacy Equity further requests that any final order granting the Cash Collateral Motion provide that, to the extent the replacement liens prove insufficient to adequately protect Legacy Equity, Legacy Equity shall be granted and allowed a super-priority administrative claim pursuant to section 507(b) of the Bankruptcy Code in the amount of such insufficiency, with such super-priority claim being senior to all other allowed

administrative claims in this case.

10. Legacy Equity additionally requests that the Debtors be required to provide reasonable financial reporting to Legacy Equity on a monthly basis with respect to the Debtors' operations at the Legacy Equity Collateral Locations. While the Debtors will be required to file monthly operating reports in this case, such reports will not allow Legacy Equity to assess the status of operations specifically at the Legacy Equity Collateral Locations. Legacy Equity does not seek to impose upon the Debtors onerous reporting requirements in addition to those required as a matter of course in this chapter 11 case. However, because the Legacy Equity Collateral is associated with particular stores, Legacy Equity should be provided with information on regular basis reflecting the Debtors' operations at such stores. Therefore, Legacy Equity requests that the final order on the Cash Collateral Motion require the Debtors to provide the following financial reporting to Legacy Equity, in form and substance reasonably satisfactory to Legacy Equity, as a condition to the Debtors' authority to use Legacy Equity's cash collateral:

a. A report, within fifteen days after the end of each month, setting forth the actual income, receipts, expenses and disbursements for each of the Legacy Equity Collateral Locations for the month then ended;

b. Any reports and information required to be provided by the Debtors to Legacy Equity pursuant to the Loan Documents; and

c. Any such other report or information that may be reasonably requested by Legacy Equity.

11. Finally, Legacy Equity requests that any final order on the Cash Collateral Motion provide that the validity and enforceability of any security interest, lien or priority claim granted to Legacy Equity under such order shall not be effected by any subsequent modification, vacation or stay of any or all of the provisions of such order by any order of this Court or another court, or by any reversal or modification on appeal of any or all of the provisions of such order.

## **PRAYER**

WHEREFORE, Legacy Equity respectfully requests that the Court grant the relief requested herein and any such other and further relief as is just and proper.

Dated: March 21, 2011    Respectfully submitted,

/s/ Matthew G. Maben
J. Robert Forshey
State Bar No. 07264200
Matthew G. Maben
State Bar No. 24037008
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
bforshey@forsheyprostok.com
mmaben@forsheyprostok.com

ATTORNEYS FOR LEGACY EQUITY FUND, INC.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served (i) upon the parties on the attached Limited Service List via United States Mail, first class postage prepaid, or via ECF electronic Notice, if available, and (ii) upon the parties listed below via email, on March 21, 2011:

Joseph F. Postnikoff
Goodrich Postnikoff & Albertson, LLP
Jpostnikoff@gpalaw.com

Amanda B. Hernandez
Goodrich Postnikoff & Albertson, LLP
Ahernandez@gpalaw.com

Elizabeth Ziegler
Office of the United States Trustee
elizabeth.ziegler@usdoj.gov

Howard Borg
Office of the United States Attorney
howard.borg@usdoj.gov

Leo V. Carey
Internal Revenue Service
leo.v.carey@irs.gov

Elizabeth Banda Calvo
Perdue Brandon Fielder Collins & Mott, LLP
Ebcalvo@pbfcm.com

Mark Seigenbaum
Jemet Holdings, LLC
mnfpmc@aol.com

James Lester Piot
Managed Money, Inc.
Piotjl@yahoo.com

Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson, LLP
laurie.huffman@publicans.com

Jeffrey R. Erler
Bell Nunnally & Martin LLP
jeffe@bellnunnally.com

Brad W. Odell
Bell Nunnally & Martin LLP
brado@bellnunnally.com

/s/ Matthew G. Maben

L:\MMaben\Legacy Equity Fund\Pleadings\Limited Objection to Debtors' Motion to Use Cash Collateral 03.19.11.doc

*Pawnshop Management*
*Service List*

Pawnshop Management Co., LLC
7509 Chapel Avenue
Fort Worth, TX 76116

Pawnshop Operating Co., LLC
7509 Chapel Ave.
Fort Worth, TX 76116

U.S. Trustee
1100 Commerce St., Room 976
Dallas TX 75242-1496

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Pawnshop Management Co., LLC
c/o Joseph F. Postnikoff
Goodrich Postnikoff & Albertson
777 Main St., Suite 1360
Fort Worth, TX 76102

Castleberry ISD/City of Benbrook
c/o Elizabeth Banda Calvo
Perdue Brandon, et al.
PO Box 13430
Arlington, TX 76094-0430

Tarrant County
c/o Laurie Spindler Huffman
Linebarger Goggan, et al.
2323 Bryan St., Suite 1600
Dallas, TX 76201

Managed Money, Inc.
c/o Jeffrey Erler/Brad Odell
Bell Nunnally & Martin LLP
1400 One McKinney Plaza
3232 McKinney Ave.
Dallas, TX 75204-2429

PMC Income Fund Series D, LLC
7509 Chapel Ave.
Fort Worth, TX 76116

PMC Income fund Series G, LLC
c/o Corporate Legal Group, PLC
Registered Agent
2161 Palm Beach Lakes Blvd. # 215
West Palm Beach, FL 33409

PMC Income Fund Series E, LLC
c/o Mitch Musgrove, Registered Agent
625 N. Flagler Dr., Suite 509
West Palm Beach, FL 33401

PMC Income Fund Series F, LLC
7509 Chapel Ave.
Fort Worth, TX 76116

PMC Income Fund Series C, LCL
c/o Delaware Corporate Services, Inc.
222 Delaware Ave., 10th Floor
Wilmington, DE 19899

PMC Income Fund Series H, Inc.
c/o Delaware Corporate Services, Inc.
1220 N. Market St., Suite 850
Wilmington, DE 19801

PMC Income Fund Series B, LCL
c/o Delaware Corporate Services, Inc.
222 Delaware Ave., 10th Floor
Wilmington, DE 19899

Southern FL, LLC
c/o Johnson Pope Bokor, et al.
PO Box 1100
Tampa, FL 33601

Thomas Anderson
4755 Chardonnay Dr.
Coral Springs, FL 33067

Phil Iovino
9146 Northwest 21st St.
Coral Springs, FL 33071

Stephen W. Mitchell
PO Box 310
Fort Worth, TX 76101

Purchase Power
PO Box 371874
Pittsburgh, PA 15250

Ambit Energy
PO Box 660462
Dallas, TX 75266

Delaware Corporate Services, Inc.
1220 N. Market St., Suite 850
Wilmington, DE 19801

Peachtree Business Checks & Forms
PO Box 910
Milton, WA 98354

Federal Express
PO Box 660481
Dallas, TX 75266

City of Fort Worth Alarm Unit
1000 Throckmorton
Fort Worth, TX 76102

Pitney Bowes Global
Financial Services
PO Box 371887
Pittsburgh, PA 15250

Internal Revenue Services
Special Procedures Staff
Mail Code 5020-DAL
1100 Commerce St., Room 9B8
Dallas, TX 75242

Florida Workforce Commission
Agency for Workforce – Innovation
107 E. Madison St.
Tallahassee, FL 32399-4120

Legacy Equity Fund, Inc.
6209 Kenwick Ave.
Fort Worth, TX 76116

Resop Family Partnership
8041 Blind Pass Road
St. Pete Beach, FL 33706

Wenzel Fenton Cabassa PA
1110 N. Florida Ave., Suite 300
Tampa, FL 33602

Staples Advantage
Dept DAL
PO Box 83689
Chicago, IL 60696

Progress Energy Florida, Inc.
PO Box 33199
St. Petersburg, FL 33733

Waste Management of Pinellas
PO Box 105453
Atlanta, GA 30348

City of St. Petersburg
PO Box 33034
St. Petersburg, FL 33733

Jemet Holdings LLC
553 Broadhollow Rd. #A1
Melville, NY 11747

# EXHIBIT "A"

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Richard E. Roark  (817) 793-3292

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Richard E. Roark
6209 Kenwick
Fort Worth, Texas 76116

03/04/2010 10:41 AM

TEXAS SECRETARY OF STATE
SOS
297334590002

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: **PAWNSHOP OPERATING COMPANY**

1c. MAILING ADDRESS: 7509 CHAPEL AVENUE
CITY: FORT WORTH
STATE: TX
POSTAL CODE: 76116
COUNTRY: USA

1f. JURISDICTION OF ORGANIZATION: DELAWARE
1e. TYPE OF ORGANIZATION: CORPORATION
1g. ORGANIZATIONAL ID #: NONE

3. SECURED PARTY'S NAME

3a. ORGANIZATION'S NAME: **LEGACY EQUITY FUND, INC.**

3c. MAILING ADDRESS: 6209 KENWICK
CITY: FORT WORTH
STATE: TX
POSTAL CODE: 76116
COUNTRY: USA

4. This FINANCING STATEMENT covers the following collateral:

All rights of Debtor in the goods, equipment, fixtures, furnishings, accounts, notes, receivables, inventory, documents, chattel paper, and general intangibles of Debtor doing business as of Southern Pawn at the following locations: 29661 US Hwy 19 N, Clearwater, FL 33761 and 7561 49th St., Pinellas Park, FL 33781. Debtor hereby grants to Secured Party a security interest in all goods, equipment, furnishings, fixtures, accounts, notes, receivables, chattels and other articles of personal property of whatever nature now owned by Debtor or hereafter acquired, all accessions and appurtenances thereto, and all renewals or replacements of or substitutions for any of the foregoing, and inventory and intangible personal property of whatever nature now owned by Debtor or hereafter from time to time existing or acquired, and held for sale or lease or furnished under contracts of service or used or usable or consumed or consumable in Debtor's business and all accessions and appurtenances thereto, and all accounts, receivables, accounts receivable, notes, chattel paper, documents (including, without limitation, documents of title), contract rights and general intangibles, arising in connection with any of the foregoing, (hereinafter collectively called the "Collateral"), and all products and proceeds of the Collateral. The inclusion of proceeds does not authorize Debtor to sell, dispose of, or otherwise use the Collateral in any manner not authorized herein or the Security Agreement.

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)    International Association of Commercial Administrators (IACA)

STATE OF FLORIDA UNIFORM COMMERCIAL CODE
FINANCING STATEMENT FORM

FLORIDA SECURED TRANSACTION REGISTRY

**FILED**

2010 Mar 05 07:53 AM

****** 201002117486 ******

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON
Richard E. Roark  (817) 793-3292

B. SEND ACKNOWLEDGEMENT TO:
Name  Richard E. Roark
Address  6209 Kenwick
Address
City/State/Zip  Fort Worth, Texas 76116

1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names

| 1.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| PAWNSHOP OPERATING COMPANY | | | |
| 1.b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1.c MAILING ADDRESS Line One | | | |
| 7509 CHAPEL AVENUE | This space not available. | | |
| MAILING ADDRESS Line Two | CITY FORT WORTH | STATE TX / POSTAL CODE 76116 | COUNTRY |
| 1.d TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 1.e TYPE OF ORGANIZATION CORPORATION | 1.f JURISDICTION OF ORGANIZATION DELAWARE | 1.g ORGANIZATIONAL ID# ☑ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names

| 2.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2.b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2.c MAILING ADDRESS Line One | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE / POSTAL CODE | COUNTRY |
| 2.d TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 2.e TYPE OF ORGANIZATION | 2.f JURISDICTION OF ORGANIZATION | 2.g ORGANIZATIONAL ID# ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY (3a OR 3b)

| 3.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| LEGACY EQUITY FUND, INC. | | | |
| 3.b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3.c MAILING ADDRESS Line One | | | |
| 6209 KENWICK | This space not available. | | |
| MAILING ADDRESS Line Two | CITY FORT WORTH | STATE TX / POSTAL CODE 76116 | COUNTRY USA |

4. This FINANCING STATEMENT covers the following collateral:

All rights of Debtor in the goods, equipment, fixtures, furnishings, accounts, notes, receivables, inventory, documents, chattel paper, and general intangibles of Debtor doing business as Southern Pawn at the following locations: 29661 US Hwy 19 N, Clearwater, FL 33761 and 7561 49th St., Pinellas Park, FL 33781. Debtor hereby grants to Secured Party a security interest in all goods, equipment, furnishings, fixtures, accounts, notes, receivables, chattels and other articles of personal property of whatever nature now owned by Debtor or hereafter acquired, all accessions and appurtenances thereto, and all renewals or replacements of or substitutions for any of the foregoing, and inventory and intangible personal property of whatever nature now owned by Debtor or hereafter from time to time existing or acquired, and held for sale or lease or furnished under contracts of service or used or consumed or consumable in Debtor's business and all accessions and appurtenances thereto, and all accounts, receivables, accounts receivable, notes, chattel paper, documents (including, without limitation, documents of title), contract rights and general intangibles, arising in connection with any of the foregoing, (hereinafter collectively called the "Collateral"), and all products and proceeds of the Collateral. The inclusion of proceeds does not authorize Debtor to sell, dispose of, or otherwise use the Collateral in any manner not authorized herein or the Security Agreement.

5. ALTERNATE DESIGNATION (if applicable)  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ AG. LIEN  ☐ NON-UCC FILING  ☐ SELLER/BUYER

6. Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX
☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.
☑ Florida Documentary Stamp Tax is not required.

7. OPTIONAL FILER REFERENCE DATA

STANDARD FORM – FORM UCC-1 (REV.01/2009)        Filing Office Copy        Approved by the Secretary of State, State of Florida