U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHALL, CLERK

**FEB 1 3 2013**

D. Michael Lynn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 11-41326-DML-11 |
| | § | (Jointly Administered) |
| PAWNSHOP MANAGEMENT | § | |
| COMPANY, LLC, *et al.*, | § | In Proceedings Under Chapter 11 |
| | § | |
| Debtors. | § | Hearing Held: Feb. 13, 2013 at 1:30 p.m. |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH
CONFIRMATION OF FIRST AMENDED CHAPTER 11
PLAN OF REORGANIZATION, AS MODIFIED**

On the 13th day of February, 2013, came on for confirmation before this Court the First

Amended Chapter 11 Plan of Reorganization Proposed by Pawnshop Management Company,

LLC and Pawnshop Operating Company, LLC, Debtors in Possession, in the above referenced

Chapter 11 bankruptcy proceeding (jointly referred to hereinafter as "Debtors") dated December

17, 2012 as modified by the First Modification to the First Amended Chapter 11 Plan of

Reorganization Proposed by Pawnshop Management Company, LLC and Pawnshop Operating

Company, LLC, Debtors in Possession dated February 8, 2013 (the First Amended Plan and First Modification are referred to collectively herein as the "Plan").[1] All parties appearing in connection with the confirmation of the Plan were duly noted on the record.

After consideration of the Plan, the evidence presented, the arguments of counsel, together with the records and files in this Chapter 11 proceeding, this Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.      The Chapter 11 bankruptcy case of Pawnshop Management Company, LLC ("PMC"), was commenced pursuant to a voluntary petition filed March 1, 2011. PMC has continued to operate as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.      The Chapter 11 bankruptcy case of Pawnshop Operating Company, LLC ("POC"), was commenced pursuant to a voluntary petition filed March 1, 2011. POC has continued to operate as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.      In re Pawnshop Management Company, LLC, Case No. 11-41326-DML-11 ("PMC") and Pawnshop Operating Company, LLC, Case No. 11-41327-DML-11 ("POC") are Jointly Administered Cases under PMC, Case No. 11-41326-DML-11.

4.      The Original Disclosure Statement to Accompany Original Plan of Reorganization was filed on November 1, 2012 (the "Original Disclosure Statement").

5.      The First Amended Disclosure Statement to Accompany First Amended Chapter 11 Plan of Reorganization filed on December 17, 2012 (the "Amended Disclosure Statement") was approved by Order Approving First Amended Disclosure Statement entered December 20,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors as modified by the First Modification to the First Amended Chapter 11 Plan of Reorganization Proposed by the Debtors.

2012. The Amended Disclosure Statement refers to the Plan filed by the Debtors (sometimes collectively referred to hereinafter as "Proponents").

6. Copies of the Amended Disclosure Statement, Ballot for accepting or rejecting the Plan, the Plan and notice of the Order Approving Amended Disclosure Statement were properly and timely mailed to all known creditors and parties in interest in the Chapter 11 case.

7. There were no objections to confirmation timely filed with the Court.

8. The Notice of Continuance of Hearing on Confirmation of First Amended Chapter 11 Plan of Reorganization, as Modified was properly and timely served as required by this Court.

9. Jemet Holdings, LLC, and its assign ("Jemet") is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections 363(m) of the Bankruptcy Code with respect to all of the Sale Interests, and the Debtors, Jemet and their respective officers, directors and agents have not engaged in any conduct that would cause or permit the Jemet Transaction or any or all of the transactions contemplated thereunder to be avoided or for the imposition of costs or damages pursuant to section 363(n) of the Bankruptcy Code. No party to this bankruptcy proceeding shall have any right to recovery in law or equity for the Jemet Transaction or the transfer of the Sale Interests.

10. The consideration provided by Jemet of $125,000.00, upon the timely closing of the Jemet Transaction, is adequate consideration which would permit the confirmation of the Plan. In the event Neyland retains his Interest in POC the new value contributed by him of $125,000.00 is adequate consideration in view of the equity interest retained.

11. The Plan complies with the applicable provisions of title 11, United States Code.

12.     The Proponents of the Plan have complied with the applicable provisions of title 11, United States Code.

13.     The Plan has been proposed in good faith and not by any means forbidden by law.

14.     Any payment made or to be made by the Proponents or by a successor of the Debtors for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, this Court as reasonable.

15.     The Proponents of the Plan have disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtors, an affiliate of the Debtors participating in a joint plan with the Debtors, or a successor to the Debtors under the Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and the Proponents of the Plan have disclosed the identity of any insider that will be employed or retained by the reorganized Debtors, and the nature of any compensation for such insider.

16.     The Plan does not provide for any rate changes subject to approval by any governmental or regulatory commission with jurisdiction over the rates of the Debtors or its successor.

17.     Each holder of an Allowed Claim or Allowed Interest in each class of Allowed Claims or Allowed Interests in the Plan has accepted the Plan or will receive or retain under the Plan on account of such Allowed Claim or Allowed Interest property of a value as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or

retain if the Debtors were liquidated under Chapter 7 of title 11 of the United States Code on such date.

18.     Class 7 includes only the Claim by Mark A. Neyland. The Class 7 Claim is impaired under the Plan. However, because Mark A. Neyland is an Insider of the Debtors, he is not entitled to vote his Class 7 Claim. Classes 6, 12 and 13 are not receiving or retaining any property under the Plan and are deemed to have rejected the Plan. Classes 4 and 10 are unimpaired under the Plan. All other Classes of Claims and Interests are deemed impaired and have accepted the Plan.

19.     The appointment of Mark A. Neyland to serve as Plan Agent as provided in the Plan is in the best interest of the Debtors and the Debtors' creditors.

20.     All voting impaired Classes have accepted the Plan in accordance with §1126 of the Bankruptcy Code. The Ballot Summary containing the tabulation of votes was admitted into evidence without objection.

21.     The Plan provides that the holder of an Allowed Claim specified in Section 507(a)(2) of the Bankruptcy Code shall receive cash equal to the allowed amount of such Allowed Claim on the Effective Date or as soon thereafter as is practicable.

22.     The Plan provides that the holder of an Allowed Claim specified in Section 507(a)(8) of the Bankruptcy Code shall receive regular installment payments in cash of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such claim over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303 and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan.

23. At least one class of Allowed Claims impaired under the Plan for each Debtor has accepted the Plan without regard to or inclusion of any acceptance of the Plan by any insider.

24. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtors, except to the extent that such liquidation or reorganization is proposed in the Plan.

25. All fees payable under §1930 of title 28, United States Code, as determined by the Court have been paid or the Plan provides for the payment of all such fees on or before the Effective Date.

26. There is no retirement plan for which the Debtors are obligated to make payment of retirement benefits, as that term is defined in §1114 of title 11, United States Code.

27. The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

28. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

29. The Plan does not discriminate unfairly and is fair and equitable with regard to each class of claims or interests.

30. The Plan does not discriminate unfairly and is fair and equitable with regard to each class of claims or interests that is impaired under, and has not accepted, the Plan.

31. The Plan and all transactions contemplated thereunder do not have as their principal purpose the avoidance of any taxes.

32. To the extent any of the Conclusions of Law set forth below include Findings of Fact, they are incorporated herein by this reference.

## CONCLUSIONS OF LAW

33.     To the extent any of the Findings of Fact set forth above include Conclusions of Law, they are incorporated herein by this reference.

34.     The proceeding with respect to the confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  The Bankruptcy Court has jurisdiction over the Debtors' Chapter 11 cases pursuant to 28 U.S.C. §157(a) and has jurisdiction to make the Findings of Fact and Conclusions of Law referred to herein and to enter the Order Confirming Plan, dated of even date herewith and entered concurrently herewith.

35.     The Plan was prepared and filed in compliance with the applicable provisions under title 11, United States Code, contains all provisions required by §1123 of the Bankruptcy Code, and contains only such other provisions as are permitted by §1123 of the Bankruptcy Code and as are consistent with title 11, United States Code.

36.     All Claims and Interests have been properly classified in the Plan in accordance with §1122 of the Bankruptcy Code.

37.     Notice of the hearing to consider confirmation of the Plan, the date fixed for filing acceptances or rejections of the Plan and the date fixed for filing objections to confirmation of the Plan was appropriate and the best notice possible under all of the circumstances, as required by §102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 and all other applicable law.

38.     The solicitation of acceptances of the Plan, including, without limitation, the procedures adopted and followed in transmitting, receiving and tabulating acceptances and rejections of the Plan, were in compliance with §§1125 and 1136 of the Bankruptcy Code and

applicable bankruptcy rules and were appropriate and adequate under all of the circumstances of these cases.

39.     The First Modification to the First Amended Chapter 11 Plan of Reorganization Proposed by Pawnshop Management Company, LLC and Pawnshop Operating Company, LLC, Debtors in Possession dated February 8, 2013 fully satisfies the requisites of 11 U.S.C. § 1123.

40.     All executory contracts and unexpired leases to which the Debtors are a party, except for executory contracts or unexpired leases that have been assumed or rejected pursuant to Final Order of this Court or operation of law, or are the subject of a separate motion filed by the Debtors prior to the Effective Date, are deemed assumed by the Reorganized Debtor on the Effective Date

41.     All of the requirements for confirmation of the Plan specified by §1129(a) and (b) of the Bankruptcy Code have been satisfied.

42.     The Plan should be **CONFIRMED**.

### End of Order ###

SUBMITTED BY:

GOODRICH POSTNIKOFF &
ASSOCIATES, LLP
777 Main Street, Suite 1360
Fort Worth, Texas 76102
Telephone:  817.347.5261
Facsimile:  817.335.9411

By: /s/ Joseph F. Postnikoff
        Joseph F. Postnikoff
        State Bar No. 16168320
        Amanda B. Hernandez
        State Bar No. 24069911

COUNSEL FOR DEBTORS IN POSSESSION